Southard J.
dissented, and remarked, that, the state of demand in this case, complains, “ for that about in the month of September 1814, last past, the defendant took away from the hay-landing, near Browning’s mill, a certain rope cable, with a fifty-six tied to one end, which the said plaintiff demands of the defendant, the sum of 40 dollars.” The return day of the summons was the 16th day of September 1815. The cause was adjourned for one week, to the 23d of September, and there was a second adjournment, until the 2nd of October 1815.
In this case, so stated, I find three errors.
1. The state of demand is uncertain and insufficient. In all states of demand, in this court, or declarations in other courts, time is necessary to be stated with certainty and precision. “ About in the month of September 1814,” does not contain that certainty and precision. It is no specification of time. It might as well have said, “ about the year 1813.” It might as well have contained no allusion to the time, so far as relates to good pleading, or the information which it gives to the defendant. But
2. This state of demand, contains no allegation of property or *possession in the plaintiff, of the goods taken. It does not assert, even by implication, that they belonged to the plaintiff. That they were not in his actual and immediate, however they might have been in his constructive possession, is manifest from the charge, that they were taken “ from the hay-landing near Browning’s mill.” This whole declaration may be true, and yet, the rope and fifty-six be neither the property, nor in the possession of the plaintiff, nor any trespass committed on him by taking them away. No recovery ought to be had, on such a state of demand. It seems to me, to violate the very first principles of the law. In 2 Show, 395, the declaration *108 charged “ the taking of the beast of the plaintiff, viz. one and one hat,” and the judgment was arrested, because it was not alleged in express terms, that the property of the hat was in the plaintiff. So the case in Salk 640. 6 Bac. Abr. 600, and many others.
2. There seems to be a fatal variance between the style of the action, and the declaration. The former is in case, the latter is in trespass. The act complained of, is the taking away of the rope and fifty-six. It is the trespass for doing this, which is to be remedied by this action.
Much dispute, has at former periods, existed respecting the difference between the two actions of case and trespass ; but there is now no question more fully discussed, or better understood. It is perfectly well settled, that “ if the injury be committed by the immediate act complained of, the action must be trespass; if the injury be merely consequential upon that act, an action upon the case.is the proper remedy.” Where the act done,is, without the intervention of any other act or agent, an immediate injury to the person or property of another, and without or against his consent or agreement, trespass will lie, and not case: but where the act is not immediately injurious, but only by consequence and collaterally, no action of trespass will lie.” I do not think that actions of trespass are confined to cases, where the close has been broken; where the person has been injured; where force is alleged; where the act was wilful and illegal; but extends to every direct and immediate injury to things personal, either by taking them away from the owner, or by destroying them, or injuring them. 2 Swift, 94. 1 Str. 634. 5 T. R. 649. 2 H. and M. 423. In the present case, I cannot conceive how the act complained of, can be considered as collaterally and by ^consequence injurious ; it is directly and immediately so. It is true that in many, perhaps most cases of trespass upon personal property, by taking it away the party may waive the trespass, and maintain an action on the case, for trover and conversion ; but this will not avail here. This state of demand, possesses no resemblance to one, which would be sustained in an action on the case, for trover and conversion.
*109 The importance of preserving the boundaries of actions distinct and separate, must be felt by all who are accustomed to legal investigation, or the practice of the courts of law. It is not confined to any particular grade of jurisdiction, but extends from the highest to the lowest. And this court has often decided, that where the action was case, and the demand in trespass, or vice versa, there ought to be a reversal. (a) Pen. 136, 240, 367, 648, 620. But
3. The justice adjourned the cause, longer than by law, he was permitted to do. The return day was on the 16th of September, the trial on the 2nd of October; sixteen days intervening between the two, and no consent of parties, or other cause to justify it. The words of the law, (Bloom. 56) and the decisions of this court (Pen. 851,954) demand a reversal for this cause. If it is to be cured by the consent of the parties, that consent ought expressly to appear. I am therefore obliged to dissent from the opinion of the rest of the court, and am in favour of a reversal.
Judgment affirmed.

 Contra Woodruff vs. Clark, Pen. *1045. Dilts vs. Kinney, 3 Gr. 131. Price vs. N. J. R. R. Co., 2 Vr. 229, and 3 Vr. 19. U. S. Watch Co. vs Learned, 7 Vr. 430.